IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 16-315-GMS |
| ) | |
| COMMISSIONER ROBERT COUPE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington, this 5th day of July, 2016, having considered the plaintiff's motion for preliminary injunction (D.I. 5);

IT IS ORDERED that the motion (D.I. 5) is **denied**, for the reasons that follow:

The plaintiff, Amir Fatir ("Fatir"), a prisoner housed at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983. On May 23, 2016, Fatir filed a motion for injunctive relief seeking medical treatment, special visit consideration, the right to practice his religion, a new prison classification, and the right to use the toilet during recreation. The court ordered a response only as to the medical treatment issue wherein Fatir asserts that he has been approved, but has not seen, an outside ophthalmologist. Fatir states that if his left eye is not properly treated, he may lose sight in the eye.

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708

(3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Warden David Pierce opposes the motion and provides the declaration of Dr. Vincent Carr ("Dr. Carr"), who oversees the healthcare provided to inmates in Delaware Department of Correction ("DOC") custody through its medical service contract provider. (D.I. 13, ex. A.) Dr. Carr states that he reviewed Fatir's medical file and believes that Fatir is being provided appropriate medical care for his eye-related issues. (*Id.*) Dr. Carr states that Fatir was seen by an in-house optometrist on July 21, 2015, who recommended a retinal specialist consult to rule out a retinal detachment or tear. (*Id.*) Fatir saw an outside physician at Delaware Eye Care on September 8, 2015. The examination revealed no apparent detachment but, nonetheless, it was recommended that Fatir be seen by a retinal specialist. (*Id.*) On October 26, 2015, Fatir saw a retinal specialist. (*Id.*) On November 3, 2015, Fatir was seen by an in-house nurse practitioner. (*Id.*) Medical notes indicate a diagnosis of posterior vitreous (not a retinal) detachment and no treatment was recommended. (*Id.*)

"[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not

2

pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted). Dr. Carr's affidavit indicates that Fatir was seen by several specialists for his eye condition, with the determination that no further treatment was recommended. There is nothing before the court that indicates the treatment provided was not reasonable.

Given the record before the court, Fatir has not demonstrated the likelihood of success on the merits. Therefore, the court will deny the motion for injunctive relief.

_____
UNITED STATES DISTRICT JUDGE