IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 16-315-GMS |
| | ) |
| COMMISSIONER ROBERT COUPE, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.    BACKGROUND**

The plaintiff, Amir Fatir ("Fatir"), is an inmate incarcerated at the James T. Vaughn Correctional Center in Smyrna, Delaware. On October 12, 2016, the court reviewed Fatir's 102 page complaint (D.I. 1) that contained 581 numbered paragraphs[1] and 49 counts raised against 48 defendants. (*See* D.I. 18, 19.) The court determined that the complaint contained many unrelated claims against numerous defendants in violation of Fed. R. Civ. P. 20(a), that the complaint was clearly unmanageable, and that the forty-eight defendants would have great difficulty responding to it. Thereafter, the court divided the original complaint into eleven complaints so that each complaint contained claims and defendants that involved the same transactions or occurrences that had a common legal and factual basis. One case remained as Civ. No. 16-315-GMS, and ten new cases were opened, as follows: Civ. Nos. 16-931-GMS, 16-932-GMS, 16-933-GMS,

---

[1]The complaint contains more than 581 paragraphs because of several instances of duplicate renumbering of paragraphs. For example, there is no paragraph 17 (D.I. 1 at 5-6), two paragraphs No. 50, (*id.* at 11), two paragraphs Nos. 403, 404, 405, 406, 407, and 408 (*id.* at 77-78), two paragraphs Nos. 476, 477, 478, 479, 480, 481 (*id.* at 89-90), and three paragraph Nos. 482 (*id.* at 90).

16-934-GMS, 16-935-GMS, 16-936-GMS, 16-937-GMS, 16-938-GMS, 16-939-GMS, and 16-940-GMS. Fatir moves for reconsideration of the October 12, 2016 order. (*See* D.I. 22.)

The court subsequently screened the claims that remained in the instant case and, on October 25, 2016, dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). (*See* D.I. 20, 21.) Fatir filed a motion for relief from judgment or order (in essence a motion for reconsideration) of the dismissal order. (*See* D.I. 23.)

## II. STANDARD OF LAW

The standard for obtaining relief under Rule 59(e) is difficult for Fatir to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties,

or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

## III. DISCUSSION

### A. October 12, 2016 Order

Fatir moves for reconsideration of the October 12, 2016 order that divided the original complaint into eleven complaints (opening ten new cases with the instant case as the eleventh case) with claims and defendants that involved the same transactions or occurrences and that have a common legal and factual basis. Fatir argues that the court based its reasoning upon *Mincy v. Klem*, 2007 WL 1576444 (M.D. Pa. May 30, 2007), a case Fatir contends was vacated by the Third Circuit.

This court cited *Mincy* for the proposition that "allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy*, 2007 WL 1576444, at *1. While *Mincy v. Klem*, 303 F. App'x 106, 109 (3d Cir. 2008) (unpublished), vacated the judgment of the district court and remanded the matter for further proceedings, it did so because, in *Mincy*, the district court dismissed the action due to misjoinder of parties, and Rule 21 provides no such grounds for dismissal.

Here, Fatir's claims were not dismissed. Rather, he was allowed to proceed on all claims and in a manner that allows for the cases to proceed in an orderly fashion. The order provided Fatir with the opportunity to proceed in eleven cases after he had inappropriately combined all defendants and all claims in one voluminous complaint. Similarly, in *Mincy*, the Third Circuit stated that it "agree[d] that under Rule 20 a plaintiff may join defendants in one action only if they assert a right to relief arising out of the same transaction or occurrence. The district court

3

correctly concluded that Mincy's attempts to incorporate separate and unrelated claims against parties from other lawsuits are inappropriate." *Mincy*, 303 F. App'x at 108.

Further, Fatir may not circumvent the filing fee requirements of the Prison Litigation Reform Act by filing a complaint that contains more than 581paragraphs, and 49 counts raised against 48 defendants when the complaint contains unrelated claims and defendants. Finally, contrary to Fatir's assertion that the court acted as an advocate for the defendants by severing the complaint into eleven cases, the court did so under its authority for the orderly administration of the cases and the court docket. *See In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993) (concluding that federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority."). The court finds Fatir has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's October 12, 2016 order. Therefore, the court will deny the motion for reconsideration. (D.I. 22.)

### B. October 25, 2016 Order

The court construes Fatir's motion for relief from judgment and order as a motion for reconsideration. (D.I. 23.) Fatir argues that the court failed to liberally construe his complaint, and that the court is required to determine whether the complaint states claims that violate state law first and then determine whether federal constitutional claims have been raised, not the other way around, relying upon *Anderson v. Redman*, 429 F. Supp. 1105 (D. Del. 1977). *Anderson*, however, is distinguishable given that the case was long passed screening and had proceeded to trial on viable § 1983 claims and various State statutes. As a result, the district court followed the general rule that "if a case can be decided on either of two grounds, one involving a

4

constitutional question, the other a question of statutory construction or general law, the court will decide only the latter." *Anderson*, 429 F. Supp. at 1123 (quoting *Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347 (1936).

Here, Fatir's federal claims are not viable. Supplement jurisdiction should be declined where federal claims are no longer viable, absent "extraordinary circumstances." *Shaffer v. Board of Sch. Directors of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984). There are no extraordinary circumstances in the instant case. As noted by the Third Circuit, "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *Positano v. Pennsylvania Cardiothoracic Surgery, Inc.*, 610 F. App'x 191, 194 (3d Cir. 2015) (unpublished), *cert. denied*, __U.S.__, 136 S.Ct. 1179 (2016) (quoting 28 U.S.C. § 1367(c) and citing *Shaffer*, 730 F.2d at 912).

The court has once again reviewed the allegations in the complaint and find they are frivolous and are not viable. The court reiterates that it exercises its discretion and declines to exercise supplemental jurisdiction over any State claims. *See* 28 U.S.C. § 1367. The court finds Fatir has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's October 25, 2016 order that dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Therefore, the court will deny the motion. (D.I. 23.)

## IV. CONCLUSION

For the above reasons, the court will dismiss Fatir's motions. (D.I. 22, 23.) An appropriate order will be entered.

_____, 2016
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

5